John S. Thornton v. Commissioner. Estate of Arthur D. Filiatrault, Deceased, Clare F. Filiatrault, Executrix, and Clare F. Filiatrault v. Commissioner.
Thornton v. Commissioner
Docket Nos. 5523-68, 5598-68.
United States Tax Court
T.C. Memo 1970-321; 1970 Tax Ct. Memo LEXIS 39; 29 T.C.M. (CCH) 1471; T.C.M. (RIA) 70321; November 19, 1970, Filed. Edward W. Scruggs, 3773 E. Broadway, Tucson, Ariz., for the petitioners. Roger Rhodes, for the respondent. WITHEY
Memorandum Findings of Fact and Opinion WITHEY, Judge: Deficiencies have been determined by the Commissioner in the income taxes of the petitioners as follows: Petitioner
Year
Deficiency
John S. Thornton
1962
$ 2,429.32
Estate of Arthur D. Filiatrault Claire F. Filiatrault, Execu- trix, and Care F. Filiatrault
1962
14,198.84
1963
16,610.25
The only issue presented by the pleadings is whether in computing their depletion allowances under section 613, I.R.C. 1954, petitioners, as lessors, are entitled *40 to treat as gross income from mining, the amounts paid by a lessee as ad valorem taxes on the mining property. Findings of Fact All of the facts have been stipulated and are found accordingly as follows: The legal residence of petitioner John S. Thornton as of the date the petition was filed herein was Tucson, Arizona. His Federal income tax return for the taxable year 1962 was filed with the district director of internal revenue at Phoenix, Arizona. The legal residence of petitioner Clare F. Filiatrault as of the date the the petition was filed herein was Tucson, Arizona. The Federal income tax returns of Arthur D. and Clare F. Filiatrault for the taxable years 1962 and 1963 were filed with the district director of internal revenue at Pheonix, Arizona. In 1961, the petitioners, along with others, owned certain real property located in St. Louis County, Minnesota, hereinafter referred to as "the property." On August 5, 1898, an iron-ore mining lease was executed leasing the property to Oliver Iron Mining Company. 1472 The lease was amended on several occasions, the latest being July 31, 1961. The amended lease dated July 31, 1961, hereinafter referred to as "the *41 lease," was in effect during the taxable years in question. Subsequent to execution of the original 1898 lease and prior to execution of the 1961 lease, Oliver Iron Mining Company was merged into United States Steel Corporation, hereinafter sometimes referred to as "the lessee." Under the terms of section 21 of the lease, the lessee is required to pay all royalty taxes and all ad valorem taxes on the leased property. Included are ad valorem taxes on the surface of the land, ad valorem taxes on the minerals in place, and taxes on any improvements on the land. The payment of the taxes as provided in section 21 of the lease is in addition to the payment of royalties. Pursuant to the terms of the lease, the lessee paid royalty and ad valorem taxes with respect to the interests of the petitioners as follows: *10 John S. Thornton
Year
Royalty tax paid
Ad valorem taxespaid
1962
$1,849.57
$49,565.59
Arthur D. and Clare F. Filiatrault
1962
3,434.74
91,566.21
1963
3,216.83
107,899.46
Arthur D. and Clare F. Filiatrault (through trust for the benefit of Clare F. Filiatrault)
1962
54,833.26
1963
64,105.54 (The above figures relating to the *42 amounts paid through the trust are not separately set forth in the record; they were computed by reference to the adjustments made in the notice of deficiency.) In computing their deductions for depletion for the taxable years in question, all of the petitioners included in gross income from the property all payments made by the lessee for royalty and ad valorem taxes. Under the terms of the lease, the lessee is required to pay the lessors a royalty on each ton of iron ore removed from the property. Under the terms of the lease, the lessee is required to pay the lessors a minimum royalty, regardless of whether there is any iron ore removed from the property. Such minimum royalty payment can, however, be applied to reduce royalties becoming due in subsequent periods. The "cash" royalties paid to petitioner John S. Thornton during the year 1962 were $30,824.43. The "cash" royalties paid to petitioners Arthur D. and Clare F. Filiatrault during the years 1962 and 1963 were approximately as follows: 1962
1963
Received directly from U.S. Steel
$57,245.39
$53,613.74
Received through Clare Filiatrault Trust 31,308.67
32,114.13
Total $88,554.06
$85,727.87
*43 (The foregoing figures were derived in part by computations from figures appearing on the income tax returns and on the notice of deficiency. All of the amounts are not separately set forth in the record.) The lessee can terminate the lease by giving at least one year's written notice. In the event of termination, the lessee is required to pay the ad valorem taxes for the year of termination, unless the termination occurs prior to May 1. Opinion This Court has recently, on March 23, 1970, rendered its Findings of Fact and Opinion in John W. McLean, 54 T.C. 569, on appeal (C.A. 4, C.A. 8, and C.A.D.C., Aug. 17, 1970), wherein respondent had raised and argued the same question as he presents here. We there held for the petitioners after fully considering respondent's argument that ad valorem taxes [1] paid by a lessee under a mining lease, in addition to both minimum and production royalties, regardless of actual production, could not be gross income from mining because payment thereof was not solely dependent upon production. *44 After consideration of respondent's position herein, we find no reason to disturb our holding in John W. McLean, supra, and and we hold for the petitioners with respect to ad valorem taxes on the mineral in place for the reasons there stated. Neither party argues that the ad valorem tax paid by a lessee on the surface should be treated any differently for this purpose than the ad valorem tax paid by the lessee 1473 on the mineral in place. Nor has our attention been directed to any case in which such a distinction has been made. In most of the cases dealing with the issue of whether ad valorem property taxes paid by the lessee are includable in the lessor's gross income from mining, all ad valorem property taxes appear to have been treated as one. Winifred E. Higgins, 33 T.C. 161 (1959); Callahan Mining Corp. 51 T.C. 1005 (1969); Louisiana Land and Exploration Company v. Donnelly, 394 F. 2d 273 (C.A. 5, 1968); and United States Steel Corporation v. United States, 270 F. Supp. 253 (S.D.N.Y., 1967). But cf. John W. McLean, supra, wherein the lessor conceded that the de minimis surface tax could *45 be eliminated from its depletable income. We find no reason to raise this as an issue ourselves in light of the above cases and the approach of both parties to the property tax issue in this case. Consequently our conclusion with respect to the ad valorem property tax on the minerals in place will also control with respect to the tax on the surface. Because of concessions made by petitioners with respect to certain adjustments made in the notices of deficiency, Decisions will be entered under Rule 50. Footnotes
1. In that case, no issue was raised with respect to ad valorem taxes on the surface for the reason that petitioner therein conceded the issue as being de minimis.↩